# IN THE COURT OF APPEALS OF IOWA

————————

No. 25-0808
Filed April 1, 2026

————————

**State of Iowa,**
Plaintiff–Appellee,
v.
**John Dudley Davis IV,**
Defendant–Appellant.

————————

Appeal from the Iowa District Court for Dubuque County,
The Honorable Robert J. Richter, Judge.

————————

**CONVICTION AFFIRMED AND CASE REMANDED FOR ENTRY
OF NUNC PRO TUNC ORDER**

————————

Stuart G. Hoover, East Dubuque, Illinois, attorney for appellant.

Brenna Bird, Attorney General, and Adam Kenworthy, Assistant Attorney
General, attorneys for appellee.

————————

Considered without oral argument
by Greer, P.J., and Schumacher and Chicchelly, JJ.
Opinion by Schumacher, J.

1

**SCHUMACHER, Judge.**

John Davis appeals his conviction for assault causing injury in violation of Iowa Code section 708.2(2) (2024), asserting he was not adequately advised of his right to file a motion in arrest of judgment and that he did not enter his plea knowingly, voluntarily, and intelligently. Upon our review, we affirm the district court's ruling regarding Davis's guilty plea and remand with instructions for entry of a nunc pro tunc order to correct the sentencing order.

## I.    Background Facts & Proceedings.

After threatening his mother with a machete, Davis was arrested and charged with domestic abuse assault while displaying a dangerous weapon. Davis entered into a plea agreement where he agreed to plead guilty to a lesser charge of assault while displaying a dangerous weapon. The parties jointly recommended that the district court grant Davis a deferred judgment and place him on probation for two years. Before the sentencing hearing, the court alerted the parties by written order that it was not inclined to follow the agreement.

At the sentencing hearing, the court noted that the plea agreement was not binding on the court. The court asked defense counsel as to whether he had discussed the non-binding nature of the plea with Davis. Counsel responded that he had spoken with Davis and that Davis desired to proceed with sentencing. After accepting Davis's guilty plea, the court asked Davis if he had any questions, and Davis said "no."

The district court rejected the agreed-upon sentence and sentenced Davis to 184 days in jail, with 180 days suspended, and two years of probation. The sentencing order filed later that day incorrectly recited that Davis was

convicted of assault causing bodily injury rather than assault while displaying a dangerous weapon. Davis appeals.

## II.     Analysis.

### A. Good Cause for Appeal

Davis asserts that he was not adequately informed of his right to file a motion in arrest of judgment. We generally review guilty plea challenges for correction of errors at law. *State v. Fisher*, 877 N.W.2d 676, 680 (Iowa 2016).

Ordinarily when a defendant wishes to challenge a guilty plea the defendant "must first raise the challenge in the district court by filing a timely motion in arrest of judgment." *State v. Hightower*, 8 N.W.3d 527, 535 (Iowa 2024). "Failure to timely file a motion in arrest of judgment in the district court usually precludes appellate review of alleged plea defects." *Id.* But a defendant must be advised

> during the plea proceedings, as required by [Iowa Rule of Criminal Procedure] 2.8(2)(d), that challenges to the plea must be made in a motion in arrest of judgment *and that the failure to challenge a plea by filing a motion within the time provided prior to sentencing precludes a right to challenge on appeal.*

*Id.* (citation omitted); *accord* Iowa Rs. Crim. P. 2.8(2)(d), 2.24(3)(a)–(d).

Davis did not file a motion in arrest of judgment. But the advisory in Davis's written plea employed the same language that our supreme court found inadequate in *Hightower*. 8 N.W.3d at 535–36. So, "[b]ecause the advisory was not sufficient, it [does] not preclude appellate review of [Davis's] challenges to [his] plea." *Id.* at 536. Davis has good cause to appeal despite the lack of a motion in arrest of judgment, as in *Hightower*.

## B. Knowing, Voluntary, and Intelligent Nature of the Plea

Davis argues the district court improperly accepted his plea because it was not made knowingly, voluntarily, and intelligently. *See* Iowa R. Crim. P. 2.8(2)(b) (noting "[t]he court shall not accept a guilty plea without establishing that the plea is made voluntarily and intelligently and has a factual basis").

We interpret Davis's argument to be that because the court failed to advise him that he could withdraw his guilty plea, the plea agreement was binding under rule 2.10(3)(b)(1). Alternatively, he contends that if the plea was non-binding, then the plea was not entered into voluntarily and intelligently because he should have been advised that if the court did not accept the plea agreement, he could withdraw his plea. As for relief, Davis's brief does not request a specific remedy. We assume for the purposes of his appeal that he is attempting to withdraw his plea.

To successfully withdraw his guilty plea, Davis must overcome Iowa Code section 814.29, which states, "If a defendant challenges a guilty plea based on an alleged defect in the plea proceedings, the plea shall not be vacated unless the defendant demonstrates that the defendant more likely than not would not have pled guilty if the defect had not occurred." But Davis failed to cite section 814.29, which is the vehicle to obtain the relief available to him. Nor does Davis argue that he "more likely than not would not have pled guilty if the defect had not occurred." Iowa Code § 814.29. Accordingly, the claim is forfeited. *See State v. Jackson*, 4 N.W.3d 298, 311 (Iowa 2024) ("A party forfeits an issue on appeal when the party does not include the issue in its main brief. A party forfeits an issue on appeal when the party fails to make an argument in support of the issue." (internal citations omitted)); *see also State v. Evans*, No. 23-0558, 2024 WL 4039571, at *2 (Iowa Ct. App. Sep. 4,

2024) ("Because [the defendant] makes no claim that she would not have pleaded guilty if she had been informed that the court could impose consecutive sentences, we affirm her guilty pleas.").

We turn to the district court's written sentencing order. The record shows that Davis pled guilty to assault while displaying a dangerous weapon pursuant to section 708.2(3). The sentencing order incorrectly recites that Davis pled guilty to assault causing bodily injury under section 708.2(2). Accordingly, we remand to the district court with instructions to enter a nunc pro tunc order to correct the above error. *See State v. Cole*, 23 N.W.3d 231, 242 (Iowa 2025).

### III.    Conclusion.

We affirm the district court's ruling on Davis's guilty plea and remand with instructions to enter a nunc pro tunc order to correct the written sentencing order.

**CONVICTION AFFIRMED AND CASE REMANDED FOR ENTRY OF NUNC PRO TUNC ORDER.**